**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**APPROXIMATELY £22 MILLION IN BRITISH POUNDS REPRESENTING THE VALUE OF 4,000,000 SHARES OF COMMON STOCK IN CARACAL ENERGY INC., FORMERLY GRIFFITHS ENERGY INTERNATIONAL INC., ON DEPOSIT AT THE ROYAL BANK OF SCOTLAND IN LONDON, UNITED KINGDOM IN ACCOUNT NUMBER 10008114, AT SORT CODE 16-08-82, AND ALL ASSETS TRACEABLE THERETO,**<br><br>　　　　**Defendants** *In Rem*. | Civil Case No.  15-cv-01018 RJL |

**WARRANT FOR ARREST *IN REM***

TO:　　THE ATTORNEY GENERAL OF THE UNITED STATES OR
　　　　HIS DULY AUTHORIZED REPRESENTATIVE

　　*WHEREAS*, on or about June 30, 2015, the United States of America filed a Verified Complaint for Forfeiture *In Rem* (the "Complaint") in the U.S. District Court for the District of Columbia, alleging that the above-captioned Defendants *In Rem* constitute or are derived from proceeds of a specified unlawful activity and/or constitute property involved in money laundering in violation of U.S. federal law, or property traceable to such property, and therefore, are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (C);

**WHEREAS**, the Defendants *In Rem* consist of approximately £22 million in British pounds, representing the value of 4,000,000 shares of common stock in Caracal Energy Inc., formerly Griffiths Energy International Inc., on deposit at the Royal Bank of Scotland in London, United Kingdom in account number 10008114, at sort code 16-08-82, and all assets traceable thereto, and are more fully described as:

a. Approximately £8.8 million in British pounds representing the value of 1,600,000 shares of common stock in Caracal Energy Inc., formerly Griffiths Energy International Inc., issued in certificate number CS-8 in the name of Nourachim Bechir Niam, also known as Nouracham Bechir Niam, on deposit at the Royal Bank of Scotland in London, United Kingdom in account number 10008114, at sort code 16-08-82, and all assets traceable thereto, including any accrued interest (the "First Defendant Asset");

b. Approximately £8.8 million in British pounds representing the value of 1,600,000 shares of common stock in Caracal Energy Inc., formerly Griffiths Energy International Inc., issued in certificate number CS-6 in the name of Adoum Hassan and now held in the name of Nouracham Bechir Niam, on deposit at the Royal Bank of Scotland in London, United Kingdom in account number 10008114, at sort code 16-08-82, and all assets traceable thereto, including any accrued interest (the "Second Defendant Asset"); and

c. Approximately £4.4 million in British pounds representing the value of 800,000 shares of common stock of Caracal Energy Inc., formerly Griffiths Energy International Inc., issued in certificate number CS-9 in the name of Ikram Mahamat Saleh on deposit at the Royal Bank of Scotland in London, United Kingdom in account number 10008114, at sort code 16-08-82, and all assets traceable thereto, including any accrued interest (the "Third Defendant Asset").

**WHEREAS,** on or about June 27, 2014, U.S. Magistrate Judge John M. Facciola of the U.S. District Court for the District of Columbia found probable cause to issue a seizure warrant against assets that consist of the First Defendant Asset and the Second Defendant Asset;

**WHEREAS,** on or about July 24, 2014, based on a U.S. request for mutual legal assistance pursuant to this seizure warrant, U.K. authorities sought, and were granted, a

restraining order against assets that consist of the First Defendant Asset and the Second Defendant Asset;

*WHEREAS*, the First Defendant Asset and the Second Defendant Asset are therefore currently in the possession, custody or control of the United States;

*WHEREAS*, in such circumstances, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter the "Supplemental Rules") directs the Clerk of the Court to issue a warrant to arrest the defendant property;

*WHEREAS*, Rule G(3)(c)(i) of the Supplemental Rules provides that the warrant must be delivered to a person or organization authorized to execute it; and

*WHEREAS*, Rule G(3)(c)(ii), (iv) of the Supplemental Rules provides that the authorized person or organization must execute such warrant as soon as practicable or transmit the warrant to an appropriate authority where the property is located if the property is outside the United States;

***YOU ARE, THEREFORE, HEREBY ORDERED AND COMMANDED*** to arrest the First Defendant Asset and the Second Defendant Asset by transmitting a copy of this Warrant for Arrest *In Rem* to the appropriate U.K. authorities for service on the custodian in whose possession, custody or control the property is presently found.

***YOU ARE FURTHER ORDERED AND COMMANDED*** to request that the appropriate U.K. authorities detain or seize the First Defendant Asset and the Second Defendant Asset; prevent their sale, transfer or alienation; and release such assets into the custody of the Government of the United States or maintain them during the pendency of this proceeding, or until further order of this Court.

*IT IS SO ORDERED THAT*, upon execution of this warrant, the Royal Bank of Scotland, as authorized and directed by the appropriate U.K. authorities shall (1) release the First Defendant Asset and the Second Defendant Asset into the custody of the Government of the United Kingdom or the Government of the United States; or (2) maintain the First Defendant Asset and the Second Defendant Asset during the pendency of this proceeding and continue to credit, in the normal course of business, to the account in which the First Defendant Asset and the Second Defendant Asset are found, any deposits, interests, dividends, or other credits, which deposits, interest, dividends, and other credits shall be subject to this Order.

*IT IS FURTHER ORDERED* that, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, the Royal Bank of Scotland shall not attempt or complete any action that would, by any means, affect the availability of, or diminish the value of, all or any part of the First Defendant Asset and the Second Defendant Asset.

*YOU ARE FURTHER COMMANDED*, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

DATED:   06/30/2015



**ANGELA CAESAR**
CLERK OF THE COURT
UNITED STATES DISTRICT COURT

  /s/ Rodney Davis, Jr.
_____
Deputy Clerk